IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO: 7:13-cv-224-FL

| | |
|---|---|
| CARMEN SWASO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ONSLOW COUNTY BOARD | ) |
| OF EDUCATION, PAMELA THOMAS, | ) |
| FRED HOLT, MARGARET BROWN, | ) |
| BROCK RIDGE, JEFFREY L. BROWN, | ) |
| LINA PADGETT-PARKER, RONNIE | ) |
| ROSS, MARY ANN SHARPE, | ) |
| EARL TAYLOR and PAUL WIGGINS, | ) |
| in their individual and official capacities, | ) |
| Dr. KATHY SPENCER, Superintendent | ) |
| Onslow County Schools, and Dr. DONNA | ) |
| LYNCH, in her individual and official | ) |
| capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS
TO THE MEMORANDUM AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

Defendants have taken objection to the Memorandum and Recommendation of the Magistrate Judge alleging that the Magistrate Judge erred in finding that the Plaintiff had a *prima facie* case of discrimination. Defendants' argument is misplaced.

The Magistrate Judge, in assessing a motion to dismiss must take the facts and all of the inferences that can be drawn therefrom in the light most favorable to the Plaintiff.

*Howell v. Gagnon*, 2010 WL 3239058, 3 (E.D.N.C. 2010), citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

In the instant case, Plaintiff has shown two separate instances which support her claim of race discrimination. One is the incident involving the October 18, 2010 denial of equal treatment to that of her white co-workers regarding the death threat. Second, Plaintiff alleges that after she was released by her doctor to return to work with restrictions, that her restrictions were not accommodated by the same principal who failed to treat her as similarly-situated white teachers were treated. These two indicia of discrimination are sufficient to support the Plaintiff's claim that she was treated differently than her white co-workers with respect to the terms and conditions of her employment.

**Plaintiff Has Established A P*rima Facie* Case of Discrimination.**

Plaintiff's remaining claims arise under 42 U.S.C. 2000e *et seq.*, Section 1981 of the Civil Rights Act of 1866 and 42 U.S.C. § 1983. Section 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and territory to make and enforce contracts…and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens...

42 U.S.C. § 1981(a). Section 1981 "affords a federal remedy against discrimination in private employment on the basis of race." *Lowery v. Circuit City Stores, Inc.,* 206 F.3d 431, 440-441 (4th Cir. Va. 2000). The Fourth Circuit Court of Appeals has held that "courts should employ the same analysis with respect to § 1981 race discrimination claims as that used in Title VII race discrimination cases." *Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Auth.,* 320 F. Supp. 2d 378, 402 (M.D.N.C. 2004).

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage,…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1981. In order to establish liability under § 1983, "a plaintiff must prove two essential elements: (1) that the defendants acted under color of state law and (2) that the plaintiff suffered a deprivation of a constitutional right as a result of that action." *Davis,* 320 F. Supp. at 403 (M.D.N.C. 2004). The United States Supreme Court has held that in a suit brought against a state actor, § 1983 is the exclusive federal remedy for a violation of the rights guaranteed under § 1981. *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 735-36 (1989). Thus, a § 1981 claim in effect merges with § 1983, and courts treat the claims as a single claim. *Davis,* 320 F. Supp. at 403 (M.D.N.C. 2004). Race discrimination claims under sections 1981 and 1983 are evaluated under the same framework applied to Title VII claims. *Love-Lane v. Martin,* 355 F.3d 766, 786 (4th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)).

Under Title VII, plaintiffs must establish that (1) they are members of a protected class, (2) they suffered an adverse employment action, (3) they were performing in a manner that satisfied their employer's legitimate job expectations, and (4) the adverse employment action occurred "under circumstances which give rise to an inference of unlawful discrimination." *Jenkins v. Trs. of Sandhills Cmty. Coll.,* 259 F. Supp. 2d 432, 443 (M.D.N.C. 2003) (quoting *EEOC v. Sears Roebuck & Co.,* 243 F.3d 846, 851 n.2 (4th Cir. 2001)), aff'd, 80 F. App'x 819 (4th Cir. 2003).

Plaintiff is a Hispanic African American. She was employed by Defendants as a schoolteacher and was employed at the Jacksonville High School as a Spanish teacher. At all times during her employment with the Onslow County Board of Education, Plaintiff performed her duties in a manner satisfying Defendants' legitimate job expectations. She was a highly respected high school teacher and enjoyed good relations with parents, students and other faculty members. These facts satisfy elements one and three above.

Defendants contend that Plaintiff did not suffer an adverse employment action. However, the facts stated in the Complaint clearly show that Plaintiff suffered an adverse employment action. Plaintiff has alleged facts showing concrete harm resulting from Defendants' action. An adverse employment action is "a discriminatory act that 'adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment.'" *Holland v. Wash. Homes, Inc.,* 487 F.3d 208, 219 (4th Cir. 2007) (quoting *James v. Booz-Allen & Hamilton, Inc.,* 368 F.3d 371, 375 (4th Cir. 2004)). Plaintiff suffered disparate treatment on October 18, 2010. Her life was threatened by one of her students and she was never informed. Other teachers, who were white, were informed of the threat and their lives were not even the subject of the threat. Plaintiff was treated differently than the other white teachers under the circumstances. At no time on October 18, 2010, did Plaintiff receive any specific information about the nature of the threat. No action was taken to alert the Plaintiff that a specific threat was made against her. Further, there was a considerable presence of law enforcement officers in and around the school office and cafeteria of Jacksonville High School on October 18, 2010 where white teachers were located, but there were no police officers around or in the building where

Plaintiff was located at the far end of campus about a quarter of a mile away. This adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination.

After Plaintiff's blood pressure and heart palpitations began to increase to a dangerous level, she had to be out of work from December 2, 2010 through December 17, 2010. When Plaintiff was released by her doctor to return to work on January 10, 2011 with only one restriction of no prolonged standing, she was not allowed to return to work despite this limited restriction. It is alleged that others have been allowed to return to work with more serious limitations. Plaintiff was constructively discharged. This also shows that Plaintiff suffered disparate treatment due to the adverse employment action of Defendants. Plaintiff successfully connects the employment action and her allegations of disparate treatment to race as she was clearly treated differently.

As discussed above, Plaintiff has pled sufficient facts in the Complaint that establish a prima facie case of discrimination. See *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-03 (1973). Defendants have yet to articulate a legitimate nondiscriminatory reason for their action towards Plaintiff.

Last, Defendants assert that Plaintiff's Section 1983 claim fails because there is no respondeat superior liability in employment discrimination cases. *Love-Lane,* 355 at 782. However, although respondeat superior does not apply, supervisory liability may be found in Section 1983 actions if a plaintiff can demonstrate that the supervisory official's inaction amounts to deliberate indifference to or tacit authorization of the unconstitutional actions of that official's subordinates. *Slakan v. Porter,* 737 F.2d 368 (4th Cir. 1984), cert. denied, 470 U.S. 1035, 105 S. Ct. 1413, 84 L. Ed. 2d 796 (1985).

Here, the facts indicate that the Board of Education and its Board Members knew or should have known of the decision not to inform Plaintiff of the threat on her life. As the Board of Education and its Board Members knew or should have known of the decision not to inform Plaintiff of the threat on her life, their inaction and tacit authorization amounts to deliberate indifference to Plaintiff's safety and the disparate treatment towards Plaintiff in comparison to the white teachers. Thus, Plaintiff's constitutional claims against these Defendants survive.

## **CONCLUSION**

For the foregoing reasons, Defendants' Objections to the Memorandum and Recommendation of the Magistrate Judge should be overruled.

This 22nd day of December, 2014.

                                              s/ Geraldine Sumter
N.C. Bar Number 11107
FERGUSON, CHAMBERS,
   & SUMTER, P.A.
309 E. Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: 704-375-8461
Facsimile: 980-938-4867
E-mail: gsumter@fergusonsumter.com

Attorney for Plaintiff

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS TO THE MEMORANDUM AND RECOMMENDATION OF THE MAGISTRATE JUDGE** was electronically filed with the Clerk of Court using the CM/ECF System and a copy of the foregoing document was served on the following counsel of record through the electronic filing system for the U.S. District Court for the Eastern District of North Carolina:

                              Scott C. Hart
                              E-mail: shart@nclawyers.com

                              Anakah D. Harrison
                              E-mail: adharrison@nclawyers.com

      This 22nd day of December, 2014.


                              s/ Geraldine Sumter
                              N.C. Bar Number 11107
                              FERGUSON, CHAMBERS,
                                  & SUMTER, P.A.
                              309 E. Morehead Street, Suite 110
                              Charlotte, North Carolina 28202
                              Telephone:    704-375-8461
                              Facsimile:    980-938-4867
                              E-mail: gsumter@fergusonsumter.com

                              Attorney for Plaintiff